STATE v. SONGER.

Opinion delivered June 24, 1905.

1.  LICENSE TO SELL LIQUORS—PRESUMPTION.—The introduction of a license to sell liquors raises the presumption that the county judge, before issuing the license, found that a majority of the votes on the question of license at the last State election was cast in favor of license, which presumption cannot be overturned by the abstract of such vote filed by the election commissioners, to which no certificate covering the vote on the question of license is attached.  (Page 170.)

2.  WRITING—PAROL PROOF OF CONTENTS.—The contents of the original returns of an election from the different precincts of the county cannot be shown by parol, in the absence of proof that such returns have been destroyed, or cannot be procured.  (Page 171.)

Appeal from Sharp. Circuit Court, Northern District.

JOHN W. MEEKS, Judge.

Affirmed.

The grand jury of Sharp County, for the Northern District, indicted Will Songer for keeping a saloon and dramshop and selling intoxicating liquors without license.  On the trial the sale was admitted, and the defendant, to show his right to sell, introduced a license issued by the county court authorizing him to keep a saloon for the sale of intoxicating liquors in the town of Hardy, in that county.  To show that the county court had no authority to issue this license, and that it was void, the State then offered to introduce a certificate of the result of the election filed in the office of the county clerk by the county election commissioners.  This certificate purports to be an "Abstract of all votes cast for all executive, legislative and judicial officers at the election held in Sharp County on the 1st day of September, 1902."  Following this heading are the names of the different voting precincts, and the number of votes cast in each for the different candidates voted for at that election, and also the number of votes cast for and against license, the total of which votes figured up 523 for license and 575 against license.  To this abstract was attached the certificate of the commissioners, in which, after reciting that they had opened and compared the returns of the election from the different precincts of the county,

they certify "that it appears from the returns aforesaid that each person named in the foregoing abstract received at said election the number of votes in each precinct set down opposite his name for the office stated therein." But they do not certify or refer to the vote on the question of license, either in the caption or in the certificate attached to such abstract of the votes. The circuit judge sustained the objection made by the defendant to this evidence, and refused to allow it to be read in evidence. The State then introduced G. B. Ferguson, one of the election commissioners, and who acted as such at the general election held in September, 1902, and offered to prove by him that he opened and canvassed the returns of said election, and that a majority of the votes cast on the question of license at that election, as shown by the returns, was against license. The presiding judge sustained an objection made by defendant to the introduction of this testimony, and the State excepted. The State introduced no further evidence, and the court directed a verdict for the defendant, and entered judgment accordingly, from which the State appealed.

*Robert L. Rogers, Attorney General,* for appellant.

*Sam H. Davidson,* for appellee.

RIDDICK, J. (after stating the facts.) This is an appeal from a judgment acquitting the defendant of the charge of selling liquors without license. The defendant proved that he sold under a license issued by the county court, and the State undertook to show that at the previous general election the majority of the votes cast in that county were against license, and that the county court had no authority to issue the license. Now, under the law, the returns of the elections from the different voting precincts are required to be forwarded to the election commissioners of the county, and they are required to lay such returns before the county court at the next term thereafter. Kirby's Dig. § 5119. From these returns the county court must, before granting a license for the sale of intoxicating liquors, determine whether a majority of the votes of the county have been cast in favor of license or not. *Freeman* v. *Lazarus,* 61 Ark. 252, 32 S. W. 680.

The license introduced in this case raises the presumption

that the county judge, before issuing this license, found that the majority of the votes on the question of license were cast in favor of license, for otherwise the court had no authority to grant the license. Now, while this finding of the county court is not conclusive, still it cannot be over-turned by the abstract of the vote filed by the election commissioners, to which no certificate covering the vote on the question of license is attached. The certificate offered in evidence purports to certify the votes cast for the different candidates for office, and the number of votes received by such persons, but makes no reference to the vote on the question of license. The court, therefore, in our opinion, did not err in excluding it.

The testimony of the election commissioner offered by the State was also clearly incompetent, for there was no showing that the original returns of the election from the different election precincts of the county had been destroyed, or that they could not be procured; and, in the absence of such proof, parol evidence of their contents was not admissible.

Finding no error, the judgment is affirmed.